UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

UNITED STATES OF AMERICA :

vs. : CR No. 04-090 T

CHRISTOPHER AUTER :

MOTION FOR SENTENCE REDUCTION
PURSUANT TO 18 U.S.C. § 3582( c )(2)
AND U.S.S.G. §§ 1B1.10, 2D1.1

NOW comes the defendant, Christopher Auter, and moves that this Honorable Court reduce his sentence pursuant to the provisions of 18 U.S.C. § 3582( c )(2) and U.S.S.G. §§ 1B1.10 and 2D1.1. In further support of this motion, the defendant hereby incorporates by reference the attached memorandum of law in support of motion for sentence reduction.

CHRISTOPHER AUTER,
By his attorney,

/s/ Edward C. Roy, Esquire
EDWARD C. ROY, ESQUIRE
Assistant Federal Public Defender
10 Weybosset Street, Suite 300
Providence, RI 02903
(401) 528 - 4281
Edward_Roy@fd.org

CERTIFICATION

I hereby certify that I caused a copy of the within to be served upon Stephen Dambruch, AUSA and on Dennis Jenkins, SUSPO on the 3rd day of January, 2008.

/s/ Edward C. Roy, Esquire

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

UNITED STATES OF AMERICA :

vs. : CR No. 04-090 T

CHRISTOPHER AUTER :

MEMORANDUM OF LAW IN SUPPORT OF
MOTION FOR SENTENCE REDUCTION
PURSUANT TO 18 U.S.C. § 3582( c )(2)
AND U.S.S.G. §§ 1B1.10, 2D1.1

The defendant, Christopher Auter, and moves that this Honorable Court reduce his sentence pursuant to the provisions of 18 U.S.C. § 3582( c )(2) and U.S.S.G. §§ 1B1.10 and 2D1.1. In further support of this motion, the defendant states that:

1. On June 10, 2005, he was sentenced to a term of 70 months imprisonment after having pled guilty to a charge of distribution of cocaine base.

2. This sentence represented the low end of the applicable advisory sentencing guideline range of 70 to 87 months.

3. Based upon the amendments to U.S.S.G. § 2D1.1, effective as of the date of November 1, 2007, the defendant's base offense level would be a level 26 as the relevant conduct attributable to the defendant is 30.37 grams of cocaine base. PSR at ¶ 10. This corresponds to a level 26 under U.S.S.G. § 2D1.1( c )

(7). The defendant's net offense level, given the amendment of U.S.S.G. § 2D1.1, would be level 23 yielding a restricted guideline range of 60 to 71 months.

4. Finally, pursuant to the decision of the United States Supreme Court in Kimbrough v. United States, 76 U.S.L.W. 4023 (U.S. December 10, 2007), the Court may consider a further reduction in Mr. Bilby's sentence, as the Supreme Court observed that "it would not be an abuse of discretion for a district court to conclude when sentencing a particular defendant that the crack/powder disparity yields a sentence 'greater than necessary' to achieve § 3553(a)'s purposes, even in a mine-run case." Slip Op. at 21.

CHRISTOPHER AUTER,
By his attorney,

/s/ Edward C. Roy, Esquire
EDWARD C. ROY, ESQUIRE
Assistant Federal Public Defender
10 Weybosset Street, Suite 300
Providence, RI 02903
(401) 528 - 4281
Edward_Roy@fd.org

CERTIFICATION

I hereby certify that I caused a copy of the within to be served upon Stephen Dambruch, AUSA and on Dennis Jenkins, SUSPO on the 3rd day of January, 2008.

/s/ Edward C. Roy, Esquire